# EXHIBIT "B"

| | |
|---|---|
| **McGLINCHEY STAFFORD**<br>Brian A. Paino (SBN 251243)<br>Dhruv M. Sharma (SBN 279545)<br>18201 Von Karman Avenue, Suite 350<br>Irvine, California 92612<br>Telephone:    (949) 381-5900<br>Facsimile:    (949) 271-4040<br>Email:           bpaino@mcglinchey.com<br>                      dsharma@mcglinchey.com | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>**05/09/2022** at 05:14:00 PM<br>Clerk of the Superior Court<br>By Emily Schilawski, Deputy Clerk |

Attorneys for *Defendant* **STERLING JEWELERS, INC., D/B/A KAY JEWELERS (erroneously sued as STERLING INC.)**

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| ADRIAN BENEDICT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STERLING INC. d/b/a KAY JEWELERS, DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 37-2022-00013203-CL-NP-CTL<br><br>Assigned to Hon. James A. Mangione<br>Dept: C-75<br><br>[Limited Jurisdiction]<br><br>**DEFENDANT STERLING JEWELERS, INC. D/B/A KAY JEWELERS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:   April 7, 2022<br>Trial Date:      NA |

*Defendant* STERLING JEWELERS, INC. D/B/A KAY JEWELERS (erroneously sued as Sterling Inc.) (the "Defendant") hereby answers the *unverified complaint* (the "Complaint") of *plaintiff* ADRIAN BENEDICT ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant denies, both generally and specifically, each and every allegation and cause of action against it in the Complaint. Defendant further denies that Plaintiff is entitled to the relief requested in the Complaint, or that Plaintiff has been, or will be, damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

1. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. Upon information and belief, Defendant alleges that the Complaint and each of its causes of action are barred by reason of the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(No Damage to Plaintiff)**

3. Plaintiff has not suffered damages as a result of the conduct alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4. Upon information and belief, Defendant alleges that the Complaint and each of its causes of action are barred by the doctrine of laches due to Plaintiff's own acts and/or omissions with respect to the subject matter of the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5. Upon information and belief, Defendant alleges that the Complaint and each of its causes of action are barred because any injury, damage, loss, and/or detriment suffered by Plaintiff was the result of his failure to use reasonable means to mitigate his damages and otherwise exercise due and ordinary care on his own behalf.

///

///

///

## SIXTH AFFIRMATIVE DEFENSE

**(Non-recoverable Fees)**

6. Upon information and belief, Defendant alleges, that, as a matter of fact and law, and for reasons in equity, Plaintiff is not entitled to an award of attorneys' fees in this case.

## SEVENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

7. Upon information and belief, Defendant alleges that the Complaint is barred, in whole or in part, by the equitable doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

**(Waiver)**

8. Upon information and belief, Defendant alleges that the Complaint is barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

**(Compliance)**

9. Plaintiff's claims fail because Defendant's actions have been in accordance with state and federal law, the applicable contract between the parties, and industry guidelines.

## TENTH AFFIRMATIVE DEFENSE

**(Third Party Conduct)**

10. Upon information and belief, Defendant alleges that Plaintiff's damages, if any, were not caused by Defendant, but by another person or entity for whom or for which Defendant is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Consent)**

11. Plaintiff's claims fail because Plaintiff consented to all the conduct he complains of in the Complaint.

///

///

///

### TWELFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

12. Defendant is informed and believes, and on that basis alleges, that the Complaint and each of its causes of action are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Justified and Privileged Conduct)**

13. Defendant is informed and believes, and on that basis alleges, that its conduct was justified and privileged under the circumstances, that Defendant has done no more than insist upon its legal rights, and that Defendant's actions were done in a good faith belief that it was acting under a legal right.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

14. Defendant is informed and believes, and on that basis alleges, that each of Plaintiff's causes of action are barred by the doctrine of assumption of risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Contribution)**

15. Defendant is informed and believes that, should it be found liable to Plaintiff, which liability is expressly denied, it is entitled to have any award against it abated, reduced or eliminated to the extent that the negligence, carelessness, fault or defects caused by the remaining parties in this action or by other persons, corporations or business entities contributed to Plaintiff's damages, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Bona Fide Error)**

16. Defendant is informed and believes that, should it be found to have violated Cal. Civil Code section 1788 et seq., then such violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

///

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Unstated Defenses)**

17. Defendant states that it does not presently know all facts concerning the conduct of Plaintiff and his enumerated (or potential) causes of action sufficient to state all affirmative defenses at this time. Accordingly, Defendant reserves the right to assert additional affirmative defenses.

## PRAYER

**WHEREFORE**, Defendant prays as follows:

1. That Plaintiff takes nothing by reason of the Complaint;

2. For judgment in favor of Defendant and against Plaintiff on each of the causes of action enumerated in the Complaint;

3. That Defendant be awarded its costs of suit and attorneys' fees;

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: May 9, 2022                         **McGLINCHEY STAFFORD**

By: _____
DHRUV M. SHARMA
BRIAN A. PAINO
Attorneys for *Defendant* **STERLING JEWELERS INC. D/B/A KAY JEWELERS**

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

I, Kayla Han, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Avenue, Suite 350, Irvine, California 92612.

On May 9, 2022, I served the document(s) described as **DEFENDANT STERLING JEWELERS, INC. D/B/A KAY JEWELERS' ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:

☐ **STATE** - I am "readily familiar" with McGlinchey Stafford's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY CERTIFIED MAIL** as follows: I am "readily familiar" with McGlinchey Stafford's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to McGlinchey Stafford's ordinary business practice.

☒ **BY EMAIL SERVICE** as follows: By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ **STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 9, 2022, at Irvine, California.

_____
Kayla Han

**SERVICE LIST**
**San Diego County Superior Court Case No. 37-2022-00013203-CL-NP-CTL**
**ADRIAN BENEDICT v. THE STERLING INC. d/b/a KAY JEWELERS, et al.**
**File # 105740.0212**

| | |
|---|---|
| Todd M. Friedman<br>Adrian R. Bacon<br>Thomas E. Wheeler<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>21031 Ventura Blvd., Suite 340<br>Woodland Hills, CA 91364 | Attorney for Plaintiff **ADRIAN BENEDICT**<br><br>Tel.: (323) 306-4234<br>Fax: (866) 633-0228<br>Email: tfriedman@toddflaw.com<br>　　　abacon@toddflaw.com<br>　　　twheeler@toddflaw.com |